**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DEREK RYNBERG and**
**WALTER L. PARTRIDGE,**
**On Behalf of Themselves**
**and All Others Similarly Situated,**

                                        **Hon.**
        **Plaintiff,**
                        **Case No.**
                                **PROPOSED CLASS ACTION**
**v.**

**CAVALRY SPV I, LLC,**
**CAVALRY PORTFOLIO SERVICES, LLC**
**and WEBER & OLCESE, P.L.C.**

        **Defendants.**

---

## COMPLAINT AND JURY DEMAND

        NOW COMES Plaintiffs, **DEREK RYNBERG and WALTER L. PARTRIDGE**

(hereinafter "Plaintiff" or "Plaintiffs") by and through counsel, The Law Offices of Brian Parker,

PC and The Law Offices of Nicholas A. Reyna and bring this action against the above listed

Defendants, **CAVALRY SPV I, LLC ("Cavalry" or "Defendants"), CAVALRY**

**PORTFOLIO SERVICES, LLC ("CPS" or "Defendants") and WEBER & OLCESE,**

**P.L.C. ("Weber" or "Defendants")** on the grounds set forth herein:

## I.   PRELIMINARY STATEMENT OUTLINING DEFENDANTS' "AFFIDAVIT ROBO-NOTARIZING" COLLECTION PLAN AND SCHEME

                                1.

Plaintiff brings this action for damages and injunctive relief based upon the Defendants' violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* and The Regulation of Collection Practices Act (RCPA), codified at MCL 445.251 et seq.

2.

In Michigan, a collection lawsuit served with an affidavit is prima facie evidence of indebtedness:

**600.2145 Open account or account stated; proof, counterclaim.**

Sec. 2145.

In all actions brought in any of the courts of this state, to recover the amount due on an open account or upon an account stated, if the plaintiff or someone in his behalf makes an affidavit of the amount due, as near as he can estimate the same, over and above all legal counterclaims and annexes thereto a copy of said account, and cause a copy of said affidavit and account to be served upon the defendant, with a copy of the complaint filed in the cause or with the process by which such action is commenced, such affidavit shall be deemed prima facie evidence of such indebtedness, unless the defendant with his answer, by himself or agent, makes an affidavit and serves a copy thereof on the plaintiff or his attorney, denying the same.

3.

In a state-wide scheme designed to eliminate the "Burden" in the Burden of Proof and deceive Michigan residents into paying a debt where Defendants lack proof of ownership of the debt while eliminating the consumer's legal defenses, members of the proposed classes are being sued by Defendants with falsely verified documents to obtain false judgements based upon false lawsuits and affidavits that have been signed by "robo-notarized" notaries like Dawn M. Fanning to create a material and false burden on Michigan debtors to come up with their own Affidavit in defense and create a large burden to respond to the collection lawsuit in violation of § 1692e, § 1692e (10), § 1692e (13), § 1692e (2)(A), § 1692e (9), § 1692f, § 1692d, MCLA 445.252(n), MCLA 445.252(e), MCLA 445.252(b), MCLA 445.252(d), MCLA 445.252(f) and MCLA 445.252(q).

## II. PARTIES

4.

Defendant Cavalry SPV I, LLC (Cavalry) is a foreign corporation located in the City of Valhalla, County of Westchester, State of New York and debt collector that purchases and collects large portfolios of defaulted consumer receivables under 15 U.S.C. 1692a (6) and 15 U.S.C. 1692a(6)(f)(iii) and collects and services the debts through its subsidiaries such as Defendant Cavalry Portfolio Services, LLC. Defendant Cavalry files lawsuits to collect debts through outside lawyers such as Defendant Weber & Olcese, P.L.C. in the 83 counties throughout the State of Michigan. **Please see Exhibit 1 and Exhibit 2**.

5.

Defendant Cavalry Portfolio Services, LLC (CPS) is a foreign corporation located in New York and is a subsidiary of Defendant Cavalry and a debt collector of defaulted debts under 15 U.S.C. 1692a (6) and 15 U.S.C. 1692a(6)(f)(iii) and creates Robo-Notarized Affidavits to support lawsuits to collect debts through outside lawyers such as Defendant Weber & Olcese, P.L.C. in the 83 counties throughout the State of Michigan." **Please see Exhibit 1 and Exhibit 2**.

6.

Defendant Weber & Olcese, P.L.C. is a Michigan debt collector and law firm located in the City of Troy, County of Oakland, State of Michigan that files lawsuits for Defendant Cavalry throughout the 83 counties in the State of Michigan based on the Notarized Affidavits of Cavalry and CPS that are "Robo-Notarized" to meet MCLA 600.2145 prima facie evidence requirements of such indebtedness with these Affidavits to eliminate the "Burden" in a Plaintiff's Burden of Proof.  **Please see Exhibit 1 and 2 and also Exhibit 3 which is Dawn M Fannings' Application for Notary Public in Westchester County, State of New York**.

7.

Plaintiff Derek Rynberg is located in the City of Lansing, State of Michigan and considered a Consumer under the FDCPA and RCPA.

8.

Plaintiff Walter L. Partridge is a resident of Pontiac, Oakland County, State of Michigan and considered a Consumer under the FDCPA and RCPA

### III. JURISDICTION AND VENUE

9.

Jurisdiction arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. §§ 1331, 1337. This court has jurisdiction over this Complaint pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here. Supplemental jurisdiction for Plaintiff's state law claims arise under 28 U.S.C. § 1367. *Baltierra v. Orlans Associates PC*, No. 15-cv-10008 (E.D. Mich. Oct. 7, 2015).

10.

The factual basis of the RCPA claim is the same as the factual basis of the FDCPA claim and this district court has "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.   28 U.S.C. § 1367(a). *Lovelace v. Stephens & Michaels Assocs., Inc.*, No. 07-10956, 2007 WL 3333019, at *2 (E.D. Mich. Nov. 9, 2007) (stating that FDCPA claims and RCPA claims are simply duplicates and "need not be addressed separately").

11.

Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a

substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and the Defendants are subject to personal jurisdiction in the State of Michigan at the time this action is commenced.

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 12.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

### 13.

Plaintiffs are consumers. Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a (3).

### 14.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a (5).

### 15.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a (6). Defendants are debt collectors.

16.

The Defendants regularly attempt to collect consumer debts alleged to be due another and are debt collectors as provided in 15 U.S.C. 1692a (6) and 15 U.S.C. 1692a(6)(f)(iii) as the bank and credit card debts Defendants purchase are in default when obtained by all Defendants. *Bridge v. Ocwen Federal Bank, FSB*, 681 F. 3d 355 - Court of Appeals, 6th Circuit 2012.

17.

The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. Whether a debt collector's actions are false, deceptive, or misleading under § 1692(a)-g is based on whether the "least sophisticated consumer" would be misled by a defendant's actions. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006).). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir).

18.

Whether a debt collector's actions are false, deceptive, or misleading under §1692e is based on whether the "least sophisticated consumer" would be misled by defendant's actions. *Wallace v. Washington Mutual Bank*, 683 F.3d. 323, 327 (6th Cir. 2012), *Harvey v. Great Seneca Fin. Corp.*, .

19.

Section 1692e provides: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e (1) -(16). Among the *per se* violations prohibited by that section are using any false representation or deceptive

means to collect or attempt to collect any debt or to obtain information concerning a consumer,

15 U.S.C. § 1692e (10).

20.

Section 1692e further provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(**2**)The false representation of—
(**A**) the character, amount, or legal status of any debt; or
(**B**) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

(**3**) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

(**5**) The threat to take any action that cannot legally be taken or that is not intended to be taken.

(**9**) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

(**10**) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(**13**) The false representation or implication that documents are legal process.

## **REGULATION OF MICHIGAN COLLECTION PRACTICES ACT (RCPA)**

21.

The Regulation of Michigan Collection Protection Act (RCPA), MCL 445.251 et seq. is

an act to regulate the collection practices of certain persons; to provide for the powers and duties

of certain state agencies; and to provide penalties and civil fines.

22.

"Claim" or "debt" means an obligation or alleged obligation for the payment of money or thing of value arising out of an expressed or implied agreement or contract for a purchase made primarily for personal, family, or household purposes.

23.

"Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another person, arising out of an expressed or implied agreement. Collection agency includes a person representing himself or herself as a collection or repossession agency or a person performing the activities of a collection agency, on behalf of another, which activities are regulated by Act No. 299 of the Public Acts of 1980, as amended, being sections 339.101 to 339.2601 of the Michigan Compiled Laws. Collection agency includes a person who furnishes or attempts to furnish a form or a written demand service represented to be a collection or repossession technique, device, or system to be used to collect or repossess claims, if the form contains the name of a person other than the creditor in a manner indicating that a request or demand for payment is being made by a person other than the creditor even though the form directs the debtor to make payment directly to the creditor rather than to the other person whose name appears on the form. Collection agency includes a person who uses a fictitious name or the name of another in the collection or repossession of claims to convey to the debtor that a third person is collecting or repossessing or has been employed to collect or repossess the claim.

24.

Defendants are regulated agencies under the RCPA. See *Misleh* v *Timothy E. Baxter & Associates*, 786 F Supp. 2d 1330(E.D. Mich 2011; *Newman v. Trott & Trott, PC*, 889 F. Supp.

2d 948 - Dist. Court, ED Michigan 2012; *Baker v. Residential Funding Co.,* LLC, 886 F. Supp. 2d 591 - Dist. Court, ED Michigan 2012.

25.

"Communicate" means the conveying of information regarding a debt directly or indirectly to a person through any medium.

26.

"Consumer" or "debtor" means a natural person obligated or allegedly obligated to pay a debt.

27.

"Creditor" or "principal" means a person who offers or extends credit creating a debt or a person to whom a debt is owed or due or asserted to be owed or due. Creditor or principal does not include a person who receives an assignment or transfer or a debt solely for the purpose of facilitating collection of the debt for the assignor or transferor. In those instances, the assignor or transferor of the debt shall continue to be considered the creditor or the principal for purposes of this act.

28.

"Person" means an individual, sole proprietorship, partnership, association, or corporation. Defendants are regulated persons under § 445.251(g)(xi). Defendants are violating the following RCPA subsections:

**445.252 Prohibited acts.**

(a) Communicating with a debtor in a misleading or deceptive manner, such as using the stationery of an attorney or credit bureau unless the regulated person is an attorney or is a credit bureau and it is disclosed that it is the collection department of the credit bureau; and

(b) Using forms or instruments which simulate the appearance of judicial process; and

(d) Using forms that may otherwise induce the belief that they have judicial or official sanction.

(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt; and

(f) Misrepresenting in a communication with a debtor 1 or more of the following:

(i) The legal status of a legal action being taken or threatened.

(ii) The legal rights of the creditor or debtor.

(iii) That the nonpayment of a debt will result in the debtor's arrest or imprisonment, or the seizure, garnishment, attachment, or sale of the debtor's property; and

(n) Using a harassing, oppressive, or abusive method to collect a debt…

(q) Failing to implement a procedure designed to prevent a violation by an employee.

29.

The Plaintiff, on behalf of himself and all others similarly situated, seeks Statutory Damages, ACTUAL DAMAGES, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court in a Class Action context, pursuant to the FDCPA and the RCPA and all other common law or statutory regimes. The Plaintiff, on behalf of himself and all others similarly situated requests that he and the class members be awarded:

a. Their Actual Damages suffered by the class members like Plaintiffs who are subject to the same the same collection/affidavit scheme or plan to burden debtors into not responding to collection lawsuits,

b. Injunctive Relief stopping Defendants from continuing their plan and scheme through letters and debt collection lawsuits as alleged here

c. Attorney fees and costs under the FDCPA and RCPA.

30.

The RCPA mirrors the requirements and remedies of the FDCPA with the same 6th Circuit use of the "least sophisticated consumer" standard. *McKeown v. Mary Jane M. Elliott*

*P.C.,* No. 07–12016–BC, 2007 WL 4326825, at *5 (E.D.Mich. Dec. 10, 2007) (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc.,* 126 B.R. 422, 426 (D.Del.1991)) held that "§ 445.252(e) applies to Defendant, its analysis is similar to that under § 1692e of the FDCPA, both of which bar misleading and deceptive communications… In light of the similarity between 15 U.S.C. § 1692e 15 U.S.C. § 1692g and these causes of action, it appears appropriate to view Plaintiff's claims under the same "least sophisticated consumer" standard.

## V. SIGNATURE OF DAWN M. FANNING LISTED WITH THE STATE OF NEW YORK

31.

Here at **Exhibit 3** are the two signatures Ms. Dawn M. Fanning provided the State of New York for both her application to become a notary and the affirming of another's signature and application:

**OATH OF OFFICE**

| FOR OFFICE USE ONLY | APPT. DATE: 9/19/16 | UNIQUE ID: DIEN 6034934 |

| LAST NAME | FIRST NAME | MIDDLE |
| Enriquez | Jessica | |

NYS HOME ADDRESS: (if your legal residence is outside of NYS skip this section & complete the "NYS Business Name & Address" below

| STREET ADDRESS: | | | |
| 291 South Lexington Ave Apt 1 | | | |
| CITY: White Plains | NY | ZIP CODE: 10606 | COUNTY: Westchester |

NYS BUSINESS NAME:

NYS BUSINESS STREET ADDRESS:

| CITY: | NY | ZIP CODE: | COUNTY: |

**Oath of Office**
State of New York
County of Westchester

I do solemnly swear (or affirm) that I will support the Constitution of the United States and the Constitution of the State New York, and that I will faithfully discharge the duties of the office of Notary Public for the State of New York according to the best of my ability.

Applicant Signature X _____   Date 8/29/2016

Sworn to before me on this 24 day of Aug 2016

_____
(County Clerk or Notary Public)

DAWN M. FANNING
Notary Public, State of New York
No. 01FA6091579
Qualified in Westchester County
Commission Expires April 28, 2019

Notary Public Stamp

DOS-0033-f-l-a (Rev. 07/14)

32.

The Dawn M. Fanning Signature above is signed on August 29, 2016 just 8 days before her name was allegedly "signed" as a notary in **Exhibit 1** for Defendants in an Affidavit of Claim to support a case against Plaintiff Partridge:

6. I certify under oath that to the best of my knowledge the above statements are true and correct.

Subscribed and sworn to before me on 09/06/2016

_____
Legal Administrator

_____
Notary Public, State of New York

M-WEBER AND OLCESE PC
18185200

Dawn M Fanning
Notary Public - State of New York
No. 01FA6091579
Qualified in Westchester County
Commission Expires April 28, 2019

33.

The Dawn M. Fanning Application Signature above is signed on August 29, 2016 just three months before her name was allegedly "signed" as a notary in **Exhibit 2** for Defendants in an Affidavit of Claim to support a case against Plaintiff Rynberg:



34.

As evidence of a wider scheme and plan to use false signatures in proving claims in Defendant Cavalry and CPS cases, Ms. Fanning's "signature" is appearing on Affidavit of Claims that "notarize" signatures of Defendant Employees for other law firms such as Brook & Scott, PLLC in South Carolina and Stillman Law Offices at **Exhibit 4**.

## VI. FACTUAL ALLEGATIONS

35.

Plaintiffs adopt and restate the above pleadings especially regarding the foundation of the scheme and plan to eliminate the rights of Michigan consumers and push through these State Lawsuits to a Default Judgment based on MCL 600.2145.

36.

Defendants Cavalry and CPS purchase debt portfolios consisting of old and defaulted debt with no credit cardholder agreements to sue Michigan residents using false information and

computer template lawsuits with no meaningful involvement by the Weber attorneys signing them under MCR 2.113(F).

37.

Defendant Calvary receives the purchased debt portfolios and Defendant CPS services the debt and works up the legal paperwork and Affidavit of Claims to send to law firms across the United States. In Michigan, the paperwork is then passed on to firms like Weber & Olcese, PLC to sue Michigan consumers.

38.

As shown on the Affidavits, prior to sending the litigation file to Weber, each case created by Defendant CPS is assigned a Michigan file number on the Affidavits identifying Weber and Olcese, PLC as the recipient of the file:



**Exhibit 2 for Plaintiff Rynberg**

**MI-WEBER AND OLCESE PC**
**18185200**

**Exhibit 1 for Plaintiff Partridge**

39.

Part of the plan and scheme is to provide Defendant Weber computer template pleadings with few changes in each pleading other than the name of the debtor, amount of the debt and location of the court. There is little, if any, attorney involvement or reasonable investigation in

creating the lawsuit or even reading it by any of the attorneys signing the pleadings under MCR 2.113 and MCR 2.114.

40.

In the collection lawsuits filed by Defendant Weber, there are no attached signed credit holder agreements attached to the collection lawsuits filed throughout Michigan. The complaint template states:

> **7.   That Plaintiff, through its assignor, and Defendant have consented to a sum as the credit balance due from one another on the account.**

41.

In Michigan, the Court Rules on Pleading require that the written agreement that the action is based upon be attached to the pleading or state in the pleading that the written agreement is in the possession of the Defendant:

**Rule 2.113 Form of Pleadings and Other Papers**

(F) Exhibits; Written Instruments.

> (1) If a claim or defense is based on a written instrument, a copy of the instrument or its pertinent parts must be attached to the pleading as an exhibit unless the instrument is
>
> > (a) a matter of public record in the county in which the action is commenced and its location in the record is stated in the pleading;
> >
> > (b) in the possession of the adverse party and the pleading so states;
> >
> > (c) inaccessible to the pleader and the pleading so states, giving the reason; or
> >
> > (d) of a nature that attaching the instrument would be unnecessary or impractical and the pleading so states, giving the reason.

42.

As the lawsuit was probably created in New York as part of the Cavalry Scheme to

prepare the lawsuits for Defendant law firms like Defendant Weber, there are also no references under 2.113(F)(1)(b) and (c) that the credit card agreement or written instrument is in the possession of the defendant/consumer as required by court rule in the computer template lawsuits here in **Exhibit 1** and **Exhibit 2**.

43.

The "Weber" lawsuits all state that:

1.    That Plaintiff's attorneys are debt collectors attempting to collect a debt and any information obtained will be used for that purpose.

Defendant Weber Attorneys are communicating this information to debtors throughout the state under 15 U.S.C. § 1692a (2) and MCL 445.251(c).

## VII. NO MEANINGFUL INVOLVEMENT BY SIGNING ATTORNEY DEFENDANTS

44.

In violation of MCR 2.114 and MCR 2.113, the attorneys from Weber are signing these Complaints with no meaningful involvement or any reading of the lawsuit the attorney is vouching for.

45.

Given the violation of the pleading rules under MCR 2.113(F), Plaintiff is informed and believes, and on that basis allege, that the Defendants have a policy and practice of filing lawsuits that are computer-generated, mass-produced pleadings in violation of the pleading requirements of the Michigan Court Rules – in the form of the Weber lawsuits at **Exhibit 1and 2** that refer to Affidavits with false notary signatures to prove their case:

11.    That a statement of the account and an affidavit verifying the account are attached to this Complaint and incorporated by reference (see attached Exhibits).

. -- ***without any meaningful attorney review or involvement*** prior to the filing of the collection lawsuits in violation of 15 U.S.C. §§ 1692e and 15 U.S.C. §§ 1692e (3).

46.

In violation of MCR 2.113(F) generally and MCR 2.113(F)(1)(b) and (c) specifically, if the Defendant Weber attorneys had read or reviewed or had meaningful involvement in reading or creating the "Weber" lawsuits, the Defendant attorneys would have known that there is no cardholder agreement attached to the lawsuit and that there is no required paragraph in the pleading stating that the written instrument is "in the possession of the adverse party."

47.

Defendants' scheme and plan to both, eliminate the rights of consumers' ability to defend themselves and convince a State Court that a Default is warranted on the merits of a false complaint and affidavit is not complete or possible without the attorneys from Defendant Weber signing off on the whole thing. **<u>Please see the lawsuit as filed against the Plaintiff attached as an example of the use of this format and dependence on the Affidavits at Exhibit 1 and 2</u>**.

### <u>VIII. THE FALSE AFFIDAVITS AND MATERIAL DUE PROCESS</u>

48.

The Defendant Affidavits created by Cavalry and CPS have all of the same information except for the key facts specific to the debtor being sued. The form used seeks to create a document with a court caption as though it has official or judicial sanction, by example:



**AFFIDAVIT OF CLAIM**

STATE OF NEW YORK )
) SS
COUNTY OF WESTCHESTER )

RE: Cavalry SPV I, LLC, as assignee of HSBC Bank Nevada, N.A./Capital One Bank USA, N.A.

vs.

**WALTER L PARTRIDGE**

**AFFIDAVIT OF CLAIM**

STATE OF NEW YORK )
) SS
COUNTY OF WESTCHESTER )

RE: Cavalry SPV I, LLC, as assignee of GE Retail Bank/HH Gregg

ORIGINAL

2014 CP 3204?

vs.

DARYL POUND
JOHN J RIDGEWAY

49.

The fraudulent acts of Defendants consisted of the use of uniform and deceptive and misleading affidavits and "Robo-Notarization" by Defendants under MCL 600.2145. Nothing is more material to the least sophisticated consumer than how it's reaction is shaped and changed by deceptive and misleading pleadings and supporting affidavits.

50.

But for the material misrepresentations of Defendants through false affidavits and violations of the Michigan Court rules, there is no proof that Cavalry has the right to sue the Plaintiffs specifically or the Plaintiff class generally for these credit card debts. Michigan consumers are forced to defend themselves against a debt collector suing them with false information under MCL 600.2145.

51.

The material misrepresentation in the Affidavits help Defendants eliminate the "Burden"

in their Burden of Proof in State Court by presenting false affidavits under MCLA 600.2145 requiring class members an increased burden of defending themselves in court against a collector using false paperwork and attorney proof. The extra expense of an enormous investigation and attorney assistance is necessary to defend against Defendants' scheme and plan.

52.

Time is money and a Default Judgment is the goal of Defendants. The vast majority of the Debt collection lawsuits Weber files go unanswered by Consumers and result in default judgments given the ready-made but false Affidavit presented to the defaulting Court.

53.

Defendants file hundreds of these collection lawsuits in the State of Michigan. The use of false verifications and robo-notaries eliminates the cost of verifying that Defendants truly own the debt and that the debtor owes the amount in the Affidavit and Complaint. A "sworn" affidavit takes the place of the necessary proof and paperwork and eliminates the associated cost of proving the debt is owed to Defendants by class members and falsely forces the burden of proof onto the debtor under 600.2145.

54.

There can be no greater and material misrepresentation upon the Michigan Consumer here than the scheme and plan through these verified lawsuits and false Affidavits in an effort to convince consumers and courts that they have no defense to a case and to persuade courts that Defendants are legally entitled to Default Judgments under MCL 600.2145.

55.

In violation of the FDCPA and RCPA the material misrepresentations of the Defendants go to the heart of the consumer's due process right to defend themselves against a lawsuit. The actions to falsify sworn notary verifications, to have Attorneys sign pleadings they have not read

and/or that don't follow the Michigan Court Rules on pleadings is purposeful misrepresentation on the part of Defendants to eliminate the legal rights and defenses of debtors and to prop up false Default Judgments in Michigan Courts.

56.

The "Cavalry/Weber" Affidavits and false signatures are crafted to deceive the class members and Courts in the State of Michigan into believing Defendants have the right to sue and collect upon debts either in trials or to support Default Judgments in violation of § 1692e, § 1692e (10), § 1692e (2)(A), § 1692e (9), § 1692f, § 1692d, MCLA 445.252(n), MCLA 445.252(e), MCLA 445.252(b), MCLA 445.252(d), MCLA 445.252(f), MCLA 445.252(q) and MCLA 445.252(a).

## IX. CLASS ACTION ALLEGATIONS

57.

Plaintiff restates the above pleadings.

58.

Plaintiff brings this lawsuit as a class action. Plaintiffs tentatively define two classes including all persons in the State of Michigan who, during the one year (FDCPA) and six years (RCPA) prior to the filing of this complaint were the victims of "Cavalry/Weber Affidavits" created by Defendants Cavalry and CPS in violation of Federal and State law.

59.

The FDCPA Class consists of all persons with a Michigan address that are subject to the Defendants' collection lawsuits in violation of § 1692e, § 1692e (10), § 1692e (13), § 1692e (2)(A), § 1692e (9), § 1692f and § 1692d.

60.

The RCPA Class consists of all persons with a Michigan address that have received

Defendant collection lawsuits in violation of MCLA 445.252(n), MCLA 445.252(e), MCLA 445.252(b), MCLA 445.252(d), MCLA 445.252(a), MCLA 445.252(f) and MCLA 445.252(q).

61.

There are questions of law and fact common to each class, which common issues predominate over any issues involving only individual class members. The principal and common issue is whether Defendants' conduct in connection with the collection of a debt violates the FDCPA and RCPA.

62.

There are no individual questions here. All Michigan class members receive the same or similar computer template collection lawsuits supported by Robo- Notarized Affidavits with a lack of meaningful attorney involvement and false robo notary signings that are filed in violation of the FDCPA and RCPA.

63.

Plaintiffs will fairly and adequately protect the interests of the class. They are committed to vigorously litigating this matter. Plaintiff Partridge and Plaintiff Rynberg are greatly annoyed at being the victim of Defendants' illegal practices and wish to see that the wrong is remedied. To that end, they have retained counsel experienced in litigating consumer advocacy and class claims like this one. Neither Plaintiff nor their counsel has any interests which might cause them to not vigorously pursue this claim.

64.

Plaintiff claims are typical of the claims of the classes, which all arise from the same operative facts and are based on the same legal theories out of **Exhibits 1, 2 and 3**.

65.

A class action is a superior method for the fair and efficient adjudication of this

controversy. Most of the consumers who are subject to this practice and policy of Defendant undoubtedly have no knowledge that their rights are being violated by illegal collection practices. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum damages in an individual action are $1,000. Management of this class claim is likely to present significantly fewer difficulties than those presented in many class claims, e.g, for securities fraud.

66.

Certification of each class under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure is appropriate because:

(a)   The questions of law and fact common to the members of each class predominate over any questions affecting an individual member: and

(b)   A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

67.

There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.   The predominant questions are:

a.   Whether defendants had a practice of using Robo-Notarized Affidavits and computer template lawsuits with no real or meaningful attorney involvement and in violation of MCR 2.113 and MCR 2.114 against Michigan residents in violation of the FDCPA and RCPA.

b.   Whether Defendants violating the FDCPA and RCPA using false Affidavits and Notaries under MCL 600.2145.

68.

Certification of each class under Rule 23(b)(2) of the Federal Rules of Civil Procedure also is appropriate because Defendants have acted on grounds generally applicable to each class, thereby making declaratory and injunctive relief appropriate with respect to each class as a whole.

69.

Plaintiffs request certification of a hybrid class action, combining the elements of FRCP 23(b)(3) for monetary damages and FRCP 23(b)(2) for equitable relief.

## X. CLAIMS FOR RELIEF

### Class 1-Fair Debt Collection Practices Act

70.

Defendants have violated the FDCPA. Defendants' violations of the FDCPA include, but are not necessarily limited to, the following:

a.   Defendants violated 15 U.S.C. 1692e and 15 U.S.C. 1692e (10) by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt using the collection methods at **Exhibit 1-2** above that are material to due process and the response of the consumer who is being sued under MCL 600.2145 with false documentation and attorney signatures that, but for the material misrepresentations, the Consumer would have a less burdensome or better defense to the lawsuit including the Affirmative Defense of "lack of ownership" "no assignment or sale of the debt" and other defenses the consumer believes she does not have because of the false documents used by Defendants; and

b.   Defendants collected on the debt and violated 15 U.S.C. 1692f by designing and furnishing the "False Affidavits" at **Exhibit 1- 2** knowing that such a format would be used to create the false belief in the class member and Michigan Courts that a lawsuit was supported by

a legally notarized Affidavit when in fact, such is not the case as stated above; and

c.  Defendants collected on the debt and violated 15 U.S.C. 1692f (1) with no proof, chain of title or transfer, authorization or card holder agreement to collect any amount, interest, fee or any charges on the "False Affidavits" and "Weber/Cavalry Lawsuits" at **Exhibit 1-2**; and

d.  The Defendants violated 15 U.S.C. §1692e(2)(A) in falsely representing that a collection lawsuit is falsely supported by the "False Affidavit" as stated above; and

e.  The Defendants Cavalry and CPS violated 15 U.S.C. §1692e(9) and 15 U.S.C. 1692e(13), by creating and verifying false Affidavits to have the Michigan consumer believe that the Affidavits are legal process or certified by a Court by naming Plaintiffs and Defendants that did not exist at the time the parties were named along with information in a lawsuit and affidavit to create the false belief that the documents were properly notarized and/or authorized by attorneys following the Michigan Court Rules to fool Michigan Consumers into believing Defendants were authorized to sue them and they owned the debt that was the basis of the lawsuit and Affidavit as stated above at **Exhibits 1 and 2**; and

f.  Defendant collected on the debt and violated 15 U.S.C. 1692d by designing and furnishing "False Affidavits" at **Exhibit 1 and 2** and lawsuits (collection attempts) to abuse and harass Michigan Consumers into paying a debt to Defendants based on that false proof in violation of the Michigan Court Rules in pleadings under MCR 2.113 and MCR 2.114; and

g.  Defendant Weber violated 15 U.S.C. 1692e, 15 U.S.C. 1692e(10) and 15 U.S.C. 1692e (3) by approving and verifying false collection lawsuits and false affidavits where there is no meaningful involvement by the attorney other than signing something she has not read. Please see examples of the lawsuits at **Exhibit 1, 2 and 4** where the attorneys are relying on false notaries and signing pleadings in violation of MCR 2.113 and MCR 2.114.

**Wherefore**, Plaintiff seeks judgment against Defendants for:

a. Statutory and Actual damages for Plaintiff pursuant to 15 U.S.C. 1692k(a)(2)(A) and (B); and

b. Statutory damages for the members of the FDCPA Class, *pro rata,* in the amount of the lesser of $500,000.00 or one percent centum of the net worth of Defendants pursuant to 15 U.S.C. 1692k(a)(2)(B); and

c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3); and

d. Actual Damages in the form of the required elevated responses, stress and out of pocket costs of having to respond to a false debt collection lawsuit under MCL 600.2145 (**Exhibit 1 and 2**); and

e. Such further relief as the court deems just and proper.

## Class 2- RCPA CLASS ALLEGATIONS FOR ACTUAL DAMAGES AND INJUNCTIVE RELIEF

71.

Defendants have violated the RCPA. Defendants' violations of the RCPA include, but are not necessarily limited to, the following:

a. Defendants violated MCLA 445.252(n) by using a harassing, oppressive, or abusive method to collect a debt, using **Exhibit 1-2** as mentioned above;

b. Defendants violated MCLA 445.252(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt at (**Exhibit 1-2**); and

c. Defendants violated MCLA 445.252(f) Misrepresenting in a communication with a debtor 1 or more of the following:

    (i)    The legal status of a legal action being taken or threatened.

    (ii)    The legal rights of the creditor or debtor at (**Exhibit 1-2**);

d.   Defendants violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee by continuing to seek unauthorized advances not authorized under the mortgage contract of Michigan Consumers for six years through forms at **Exhibit 1-2**; and

e.   Defendants violated MCLA 445.252(b) by creating documents designed to simulate the appearance of judicial process or appearance at **Exhibit 1-2**.

f.   Defendants violated MCLA 445.252(a) by communicating with debtors in a deceptive manner at **Exhibit 1-2**

**Wherefore**, Plaintiff seeks judgment against Defendants for:

a.   Statutory damages for Plaintiff in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 445.257(2);

b.   Equitable, declaratory and injunctive relief pursuant to M.C.L. 445.257(1), including but not limited to, a declaration that defendant's debt collection practices violated the RCPA, as well as an injunction, enjoining Defendant from using **Exhibit 1-2** which violates Michigan law; and

c.   Reasonable attorney's fees and court cost pursuant to M.C.L. 445.257(2) with judicial sanction.

d.   Actual Damages in the form of the required elevated responses, stress and out of pocket costs of having to respond to a false debt collection lawsuit under MCL 600.2145 (**Exhibit 1-2**);

## XI. JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

Respectfully submitted,

February 19, 2017

<u>s/Brian P. Parker</u>
BRIAN P. PARKER (P48617)
Attorney for Plaintiff

<u>/s/ Nicholas A. Reyna</u>
NICHOLAS A. REYNA (P68328)
Co-Attorney for Plaintiff